## Howes and others v. McNeal.

(Circuit Court, N. D. New York. ———, 1880.)

1. PATENT—EVIDENCE—FILE WRAPPERS.—File wrappers are not competent as evidence, in a suit on a patent, to show the reduction to practice and use of inventions claimed to be prior, so as to invalidate such patent.

C. E. Sprague, for plaintiffs.

W. S. Farwell, for defendant.

BLATCHFORD, C. J.   In this case a motion is made by the defendant that copies of three file wrappers, contents, and drawings, in the matter of three several letters patent, may be made a part of defendant's exhibits and proofs, with the same effect as if they had been put in evidence when said three letters patent were put in evidence, or that the suit be referred back to the examiner, with leave to the defendant to introduce such evidence, or that it be referred back for both parties to introduce further proofs; and that the interlocutory decree made herein be so far opened as that the defendant have leave to reargue the case, after such new evidence shall have been received, with the same effect as though the same had never been argued.

The object of introducing in evidence such file wrappers is stated to be to show that the inventions described in the several patents were made at dates as early as the oaths to the specifications.   That is not the proper way to show the reduction to practice and use of the inventions claimed to be prior, so as to invalidate the plaintiffs' patent.   That must be shown by direct evidence of the construction and use of the machines.   Nothing from the patent-office can be admitted in evidence of earlier dates than the patents.   All such evidence would be hearsay and secondary.   A patent is allowed, by statute, to speak as a public grant; but the preliminary papers are merely the declarations of third persons not parties to this suit, or connected with them in interest or title. The evidence is not competent.

It may be added that if the three file wrappers were competent as evidence, no sufficient legal excuse is shown for not having sooner applied for leave to introduce them.

The motion is denied in all its branches.