BARNES AUTOMATIC SPRINKLER CO. v. WALWORTH MANUF'G CO. et al.

(Circuit Court of Appeals, Seventh Circuit. February 9, 1894.)

No. 96.

1. PATENTS FOR INVENTIONS —SUIT FOR INFRINGEMENT — PLEADING AND EVIDENCE.

Where the answer alleges that the grantee of a patent of later date than complainant's, but issued upon an earlier application, was the first inventor, evidence of the dates of the respective inventions is admissible, and public notice of the device described in the later patent must be carried back to the date of the application therefor. Bates v. Coe, 98 U. S. 31, distinguished. 51 Fed. 88, affirmed.

2. SAME.

It is a good defense to an action of infringement that the patented device was anticipated by a prior patent to the same patentee.

3. SAME—NOVELTY—AUTOMATIC FIRE EXTINGUISHERS.

The Barnes patent, No. 233,393, for an automatic fire extinguisher, is void as to its third, fourth, and fifth claims, for want of novelty. 51 Fed. 88, affirmed.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

Suit by the Barnes Automatic Sprinkler Company against the Walworth Manufacturing Company and others for infringement of a patent. The bill was dismissed. Complainant appeals.

The bill in this case is for an accounting and an injunction against infringement of certain claims of letters patent No. 233,393, for improvements in automatic fire extinguishers, issued October 19, 1880, to Charles Barnes, who assigned to the complainants. The court found that one of the claims in issue had not been infringed, and that the others were devoid of patentable novelty. For the opinion see 51 Fed. 88. The answer of the Walworth Manufacturing Company, besides denying invention and infringement, and showing the prior art, contains the following: "And this defendant, further answering, says that the said Charles Barnes unjustly obtained the said letters patent No. 233,393, for that which was in fact invented by one Charles W. Talcott, of Woonsocket, in the state of Rhode Island, who was using reasonable diligence in adapting and perfecting the same. That the said Talcott, long prior to the supposed invention by said Barnes, invented an automatic fire extinguisher in which was contained in combination a perforated distributor, a valve located within said distributor, and having a stem projecting through the shell of the distributor, and a lever to hold the valve to its seat until a fusible pin, or solder joint, holding such lever was released by the action of heat; that said apparatus was also provided with an elastic cushion to hold said valve to its seat, with an elastic pressure; and that said Talcott perfected his said invention and filed his application for letters patent therefor in the United States patent office on the 8th day of April, 1879, and long prior to the supposed invention of the said Barnes, and prior to the application of said Barnes for said letters patent No. 233,393, and that letters patent No. 253,128, dated January 31, 1882, for said invention, were duly issued to said Talcott."

Geo. J. Murray and L. L. Bond, for appellant.

Willard & Evans and J. J. Myers, for appellees.

·· Before WOODS· and JENKINS, Circuit Judges, and BUNN, District Judge.

WOODS, Circuit Judge, after making the foregoing statement. The opinion delivered in the circuit court meets our approval, and, without going into the case at large, we deem it enough to consider two objections. The fourth and fifth claims of the patent in suit were held to be anticipated by the Talcott patent of January, 1882, of which it is said in the opinion: "The public notice of the device must be carried back to the date of filing the application," which was in April, 1879. This, it is insisted, is in clear conflict with the following declaration of the supreme court in Bates v. Coe, 98 U. S. 31:

"Neither the defendant in an action at law nor a respondent in an equity suit can be permitted to prove that the invention described in the prior patent, or the invention described in the printed publication, was made prior to the date of such patent or printed publication, for the reason that the patent or publication can only have the effect as evidence that is given to the same by the act of congress. Unlike that, the presumption in respect to the invention described in the patent in suit, if it is accompanied by the application for the same, is that it was made at the time the application was filed; and the complainant or plaintiff may, if he can, introduce proof to show that it was made at a much earlier date."

This rule, it is clear, can be applicable only to the one defense "that the improvement had been patented or described in some printed publication prior to the supposed invention." In order to come under the provision of the statute which authorizes that defense, the patent or publication relied on must be prior in point of time to the patent in suit. And it is perhaps true in respect to any form of defense that if a patent is referred to simply by number and date, without averment of earlier invention and use, or of the date of the application upon which it was granted, evidence of those particulars would not be competent, because not within the issue. But when the answer is framed, like this one, to show, not a prior patent or publication, but that the grantee of the patent in suit was not, and that the patentee of a patent of later date, issued upon an earlier application, was the first inventor, it is an anomalous proposition that the fact which the statute declares to be a defense cannot be established by any proof which, under the ordinary rules of evidence, is admissible. In the case of Western Electric Co. v. Sperry Electric Co., 9 U. S. App. ——, 8 C. C. A. 129, 59 Fed. 295, where this court held that, when two patents for one invention had been issued, the owner of the second may sue the owner of the first, or those operating under it, without having obtained relief under section 4918 of the Federal Revised Statutes, it is said:

"Whether one patentee or the other, when he makes or uses the invention, is an infringer or trespasser depends upon the inquiry whether the one or the other was the first inventor, and not whether he was the first to obtain a patent; and this inquiry may as well be made in the ordinary suit in equity as in the proceeding provided by the statute."

If the parties in that case had been reversed, and the Western Electric Company had been made respondent to a bill by the Sperry Electric Company, either in a suit of the ordinary form in equity or

under the statute, its defense would have been that its patent, though later in date, had been granted upon the earlier application to the first inventor; and yet, if the rule quoted is to have the broad application contended for, the defense could not have been admitted, and the other party would necessarily have prevailed. The decision in Bates v. Coe involves no such absurdity as that in respect to a single dispute a party may have a cause of action against his adversary, and yet, if made a respondent, have no defense. It may be granted, in the very terms of that opinion, "that the patent or publication can only have the effect as evidence that is given the same by the statute," and yet, when the issue of priority of invention is presented, other facts necessary or proper for the determination of that issue may be proved.

It is further insisted that the court had no right to consider an earlier patent of Barnes as anticipating the one in suit; and reference is made to Cantrell v. Wallick, 117 U. S. 689, 694, 6 Sup. Ct. 970, for the proposition that:

"The defendant cannot excuse or defend himself against the charge of infringement of the letters patent in suit, by saying that he infringes an earlier patent rather than the patent claimed in this case."

The proposition is neither to be found nor has it support in the case cited, and the contrary is well settled. The decree of the circuit court is affirmed.