TURNER BRASS WORKS et al. v. APPLIANCE MFG. CO.

(Circuit Court, N. D. Illinois, E. D.   April 5, 1909.)

No. 28,979.

1. PATENTS (§ 73*)—ANTICIPATION—PRIOR PATENT.
On an issue of anticipation by a prior patent, taken in connection with the prior art, where the patents are not for the same thing, so that no question arises of priority of invention as between the two patentees, the prior patent as an anticipation dates only from the time of its issuance, when its disclosures were given to the public.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 64; Dec. Dig. § 73.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—AUTOMOBILE BUMPER.
The Harroun patent, No. 873,544, for an automobile bumper, was not anticipated, and, although of narrow scope, discloses novelty and invention; also held infringed.

In Equity. Suit by the Turner Brass Works and Ray W. Harroun against the Appliance Manufacturing Company. On final hearing. Decree for complainants.

See, also, 164 Fed. 195.

George T. May, Jr., of Chicago, Ill. (Frederick W. Moore, of Chicago, Ill., of counsel), for complainants.

Dyrenforth, Lee, Chritton & Wiles, of Chicago, Ill. (William B. Davies, of Chicago, Ill., of counsel), for defendant.

KOHLSAAT, Circuit Judge.  Complainants seek to restrain defendant from infringement of claims 1, 2, 3, 5, 6, and 7 of patent No. 873,544, granted to said Harroun December 10, 1907, on application filed March 29, 1906, for an automobile bumper.  The device, as stated by complainant at page 7 of its brief, is duly covered by claims 1, 2, and 3, which read as follows, viz.:

"1. In an automobile bumper, a rail extending across the front of an automobile attached to the frame by horizontal arms running through eyebolts at the frame ends and supported by brackets at the rear ends, backed up by springs surrounding said horizontal arms.

"2. In an automobile bumper or fender, the combination of a rail, two supporting rods connected at their ends to said rail, guides adapted to be secured to opposite sides of an automobile wherein said rods are slidingly supported between their ends, cushioning means for said rail, and guide brackets adapted to be secured to opposite sides of an automobile, in which said rods are slidingly supported near their rear extremities.

"3. In an automobile bumper or fender, the combination of a rail, two supporting rods connected to said rail and extending rearward therefrom, guides, adapted to be secured to opposite sides of an automobile, wherein said rods are respectively slidingly supported between their ends, other guides, adapted to be secured to opposite sides of an automobile, wherein said rods are respectively slidingly supported near their rear ends, and coiled springs, surrounding said rods, each with one end arranged for movement with the rod and its other end abutting against a guide."

The defense concedes infringement, and rests solely on want of patentable novelty.  It is apparent, from an inspection of the bumper, that the elements are all old.  The patentee has sought to adapt what has been heretofore applied to many other arts to the automobile art.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In doing this he claims to have exercised invention. This last-named field for mechanical and inventive skill has developed very rapidly and vastly, so that the slightest advances are readily availed of.

Among the obvious improvements required has been some satisfactory protection against injury to lamps, radiators, and other comparatively frail appliances located at the forward end of the car. To meet that demand, several devices have been provided, notably that of the patent to F. R. Simms, No. 814,171, granted March 6, 1906, on application filed September 26, 1905, for "buffer for use on motor vehicles." This patent is cited in anticipation of claims 1, 2, and 3 of the patent in suit, and more nearly approaches these claims than does any other adduced in the record. None of the other automobile patents cited, nor all of them combined, are deemed to have anticipated the patent in suit; nor do the citation from analagous arts disclose it. They are all practically arranged with a view to protecting persons found in the path of the car, rather than to protect the lamps or other forward appliances, and disclose no thought of the accomplishment of the ends sought for by Harroun.

[1] As to the Simms patent, complainant insists that inasmuch as it was granted after the invention of the Harroun patent, although upon an application filed prior to the date of complainant's invention, yet, under the language of the answer and the rule laid down in Bates v. Coe, 98 U. S. 33, 25 L. Ed. 68, American Roll Paper Co. v. Weston (C. C.) 45 Fed. 689, Howes v. McNeal (C. C.) 17 Blatchf. 396, 4 Fed. 151, Anderson v. Collins, 122 Fed. 458, 58 C. C. A. 669, and Diamond Drill & Machine Co. v. Kelly Bros. (C. C.) 120 Fed. 286, it is available as a part of the prior art only from the date of its grant. The contention is deemed to be well taken. The pleadings do not raise the defense that the patentee was not the original inventor, as was the case in Barnes Automatic Sprinkler Co. v. Walworth Mfg. Co. et al., 60 Fed. 605, 9 C. C. A. 154. The distinction is clearly pointed out by Judge Woods in the case last cited, and by Judge Archbald in Diamond Drill & Machine Co. v. Kelly, supra.

[2] While many of the elements of the patent in suit are shown in the prior art cited, there is, as above stated, no one of them which· meets the combinations shown in the several claims in suit. Whether patentable novelty is shown, independent of the prior art, is also questioned by defendant. Bearing in mind what has been said with reference to the automobile art, and the importance of improvements therein, it requires no great acumen to discover some elements of invention in the Harroun bumper. The economy hit upon in substituting the eyebolt as a guide in place of the ordinary bolt employed in securing the forward end of the spring to the car frame, the location and arrangement of the rail support, the double guide· for the sliding rods which carries the rail, together with the method of their adjustment, the resilient cushioning means, and the devices for making rigid and latterly movable the rail, all form a combination which is new.

Taking into consideration the disclosures of the analogous arts, the invention must be held to be narrow, but sufficiently broad, however, to entitle complainant, in the case made, to the injunctional relief against defendant which he prays for; and it is ordered accordingly.