GRAY TELEPHONE PAY STATION CO. v. BAIRD MFG. CO.

(Circuit Court of Appeals. Seventh Circuit.    October 5, 1909.    Rehearing Denied November 20, 1909.)

No. 1,470.

1. PATENTS (§ 72*)—ANTICIPATION—ACCIDENTAL SIMILARITY OF PARTS.

A patent for a mechanical combination is not anticipated by a prior patent, which incidentally shows a similar arrangement of parts, where such arrangement was not claimed nor designed to perform the function for which it is designed and claimed in the second patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 89; Dec. Dig. § 72.*]

2. PATENTS (§ 66*)—ANTICIPATION—APPLICATION ANTEDATING ALLEGED ANTICIPATING PATENT.

A patent is not anticipated by other patents, which, although prior in date, had not been granted when application for such patent was filed, and which were therefore not in the prior art.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 79, 81; Dec. Dig. § 66.*]

3. PATENTS (§ 328*)—INVENTION AND INFRINGEMENT—TELEPHONE PAY STATION.

The Gray patent, No. 593,720, for a coin-controlled telephone pay station, embodies the first device based upon the idea that the pay-box signal, produced by the falling coin, should be communicated to the transmitter by means of resonant connection between the two, as contrasted with the employment of air waves, as in the prior art. It discloses invention and is not limited to the particular form of connection described, nor was the right to such broad construction lost by anything which occurred in the patent office. Also, held infringed.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

4. PATENTS (§ 328*)—ANTICIPATION—TELEPHONE PAY STATION.

The Gray patent, No. 598,610, for a coin-controlled telephone pay station, discloses no patentable improvement over the device of patent No. 593,720 to the same inventor, and is void for anticipation thereby.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

5. PATENTS (§ 168*)—CONSTRUCTION—LIMITATION BY PROCEEDINGS IN PATENT OFFICE.

Where an applicant for a patent persisted in the basic idea upon which he claimed invention, although amending his claim from time to time after rejections by the examiner as to details of construction in attempts to avoid references by the examiner, and his application was finally rejected by the examiner but allowed on appeal, on the broad ground that such basic idea involved invention, such amendment did not limit the claim as finally allowed to the precise construction therein described.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 243½, 244; Dec. Dig. § 168.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Gray Telephone Pay Station Company against the Baird Manufacturing Company. Decree for defendant, and complainant appeals. Reversed in part.

Appellant filed its bill below for an injunction restraining defendant from infringement of patent No. 593,720, granted to W. Gray, November 16, 1897, for a telephone toll station, and claim 1 of patent No. 598,610, granted to the same party February 8, 1898, for a coin-controlled telephone pay station. The former patent has but one claim, which reads as follows, viz:

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

174 F.—27

"In combination with a set of telephone instruments, a signal-box containing a channel-board, a signal device, located in the path of the falling coin, openings through the wall of the box for the reception of a coin, the channel-board secured in firm contact with a wall of the signal-box, the transmitter, and the transmitter-support secured in firm contact with that part of the signal-box to which the channel-board is secured, all substantially as described."

Claim 1 of the latter patent reads as follows, viz.:

"1. In a telephone toll apparatus, in combination with a transmitter-base or support of metal, a transmitter pivoted to the support, a metallic signal-box having its wall secured in close contact with the transmitter-base, a signal-sounding device located within the box, and the coin-channel registering with the coin-slot through the wall of the box."

The Circuit Court found no infringement and dismissed the cause for want of equity. The answer sets up invalidity and noninfringement. The main contention is in regard to the one claim of the patent first named, which appellant insists is for a broad invention, viz., the securing of a resonant connection between the signal within the signal-box and the transmitter, in place of the action on the transmitter caused by the sound of a gong or bell conveyed thereto externally as theretofore employed. To accomplish this, appellant, as will be seen, provides for a signaling device, as a bell or gong, in the pay-box, operated ·by gravity-impelled coin, in such arrangement as that the vibration caused by the sound thereof shall correspondingly actuate the wall of the signal-box, which is constructed in firm contact with the transmitter-support.

The patent seems to have had a stormy time of it in the Patent Office. By application serial No. 491.190, filed November 17, 1893, appellant sought to be allowed two claims broadly calling for a closed signal-box arranged in contact with an integral portion of the transmitter-support or to the backboard thereof, and containing devices for operating signals by means of falling coin. Those claims were rejected by the examiner on December 16, 1893, on patent No. 469,647, granted to Gray, February 23. 1892, for a coin-controlled apparatus for telephones. On July 1, 1895. Gray amended by erasing both claims and substituting a new claim in place of them, which reads as follows, viz.:

"In combination in a telephone, a signal-box containing devices for the sounding of signals by the operation of a falling coin; and a transmitter and its supporting part arranged in contact with the box, all substantially as described."

In presenting the amended claim, applicant says:

"The claim as now presented clearly avoids the reference. Said reference shows the transmitter or its supporting part. supported above the box and at some distance therefrom. The claim is limited to the transmitter or its supporting part being in contact with the box."

On July 2, 1895, this claim was rejected by the examiner, on Gray of record and patent No. 440,118, granted to H. C. Root, November 4, 1890, for an automatic toll system for telephone pay stations. On January 4, 1895 (presumably 1896), the examiner notified Gray that the last-named claim had been taken up for action under rule 65 of the Patent Office and finally rejected on the patents of Gray and Root of record. On July 2, 1896, Gray submitted amendments to the specification and. substituted an amended claim, which reads as follows, viz.:

"In combination with a set of telephone instruments, a signal-box containing a channel-board, a signal device located in the path of movement of a falling coin, openings through the wall of the box for the reception of a coin, the channel-board secured in close contact with the top of the signal-box. the transmitter, and the transmitter-support secured in close contact with the cover of the signal-box, all substantially as described."

On July 7, 1896, the examiner held this amended claim was not the same in substance as the rejected claim, and might not be entered for the purpose of appeal. He also held it to be too late to present it as a new claim. On July 14, 1896, Gray, through his attorney, admits the broad claim as set out to be untenable, but claims patentable novelty, and asks that the paper filed with appeal be considered on its merits. On August 3, 1896, the examiner notifies Gray the amendment of July 2, 1896, has been entered, claim examined, and

rejected on Gray 469,649 of record. He thereupon waives the right to further rejection, and consents to the renewal of appeal to the Board of Examiners in Chief. Appeal was taken July 2, 1896, and renewed February 2, 1897, with request that the appeal fee filed in connection with appeal of July 2, 1896, be applied. On May 12, 1897, Gray, through his counsel, files his brief in which he asks to amend the amendments of July 1, 1896, among other things, by substituting the word "firm" or "firmly" in place of the phrase "close contact," and inserting after the words "transmitter-support" the phrase, "thereby establishing a resonant connection between the signal within the box and the transmitter located outside thereof." In this brief it is stated:

(1) That in patent No. 469,649 the base of the transmitter is not in contact with the walls of the signal-box, but is fastened to a backboard, and at a distance from the box.

(2) That experiment and careful test have proved that the arrangement of patent No. 469,649 with the deflector removed and the hole stopped would not be usable for the reason that the sound of the signal within the box could not be picked up by the transmitter and conveyed to the central office.

On May 17, 1897, the Board of Examiners allowed the amendments and reversed the examiner. In their decision they describe the invention as an improvement on patent No. 469,649, "in which the sound of the signal was transmitted to the transmitter, through a deflector tube. This tube is in the present device omitted, and the transmitter arm, c, or the base or support therefor (not lettered) are brought into firm contact with the top or some part of the box containing the signaling device, whereby a resonant connection is established through the parts in firm contact with each other, and the sound of the bell can be heard through the transmitter without the use of the tube. It is stated by counsel for applicant, as a matter of fact determined by experiment, that, if the deflector tube of apparatus like that shown in the patent is closed, the connection between the signal and transmitter by way of the backboard cannot be relied upon. There is thus a new and simple construction, by which better results are obtained, and which in our opinion required invention to devise."

Thereupon the patent was issued as above.

From the file wrapper and contents in the record, it appears that the original application for the second patent, Gray, No. 598,610, called for the allowance of eight claims, and is for an improvement upon the device of patent No. 593,720. It was filed December 4, 1895. Its claim 1 differs from the former claim mainly in the employment of metallic media in obtaining resonant connection.

On January 3, 1896, all the claims were rejected on references cited in notice, amendments were made to the specification, and claims 1, 2, 6, 7, and 8 were erased and a new claim substituted in place of claims 6, 7. and 8, and filed July 2, 1896. On July 20, 1896, all of the claims were again rejected by the examiner. On January 20, 1897, a reconsideration was asked in a letter containing the statement: "Applicant has by repeated and continued experiments with all the devices demonstrated the fact that with a transmitter and toll-box united to a common base, the same results cannot be attained as in a device in which the bases of said parts are in contact." On February 16, 1897, claims 1 and 3 were rejected by the examiner, and the other claims were allowed. On February 19, 1898, Gray erased all the claims and presented five claims together with amendments to the specification. On March 18, 1897, the examiner rejected new claims 1 and 3. Gray asked for a reconsideration of claims 1 and 3, which was granted on January 13, 1898, and patent allowed as above.

Defendant employs a signal device different from that of the claims in suit, in that the coin is carried by an arm into contact with the signaling device, so that the signal is not produced by the falling coin. Defendant's device also is different in that it has no transmitter-base in contact with a wall of the signal-box. It operates, however, upon the same principle.

It appears further from the evidence that on or about the 22d day of August, 1900, appellee submitted to appellant, at the latter's request, a device known as a "Baird Triplet" containing the same sound conductor and signal devices as those of the present alleged infringing machine, viz.: "Complainant's Exhibit Defendant's Machine B," for inspection, and that after examining the same, complainant wrote defendant as follows, viz.:

"Hartford, Conn. Aug. 22/1900.

"The Baird Clock Co., Mr. E. P. Baird, President, 141 Clinton St., Chicago, Ill.—Dear Sir: The model of the Baird pay station sent to us from Cleveland by your instructions has been submitted to our patent attornies, who advise us that as now constructed it does not infringe any of our patents. Please accept thanks for your courtesy in the matter. Model will be returned to you at once.

"Yours truly,                    [Signed] Charles Soby, Secretary."

The other material facts will be found in the opinion.

Harrie E. Hart and Charles K. Offield, for appellant.

Fred Gerlach, for appellee.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It was old in the telephone toll-station art to employ means for imparting signals from the pay-box to the transmitter of a telephone. This was attained in several ways. It would be electrically effected by the employment of a coin in making or breaking the circuit, thereby at once advising the central office, or by operating the signal device from the central office, or by depositing a coin in the channel provided for that purpose, so arranged as to cause a bell or gong to sound. We have to do only with this latter device.

It seems to have been assumed that the signal could be conveyed to the transmitter through air waves alone. With this in view, various conductors were employed whereby the sound or signal was projected upon the diaphragm of the transmitter from the outside.

Complainant claims to have been the first to utilize the principle of solid vibration. Its patent first above named is for a device in which the signal is given to the transmitter by means of resonant connection between the signal or pay box and the transmitter-support, thereby avoiding all appliances which employ the air waves for that purpose. So far as the record discloses, such a device is desirable, being both effective and simple. In view of the art and the advantage to the public of every advance therein tending to better service, there seems to be little doubt that, if the patentee was the first to disclose a toll station employing this means of operating the transmitter, he and his assigns are entitled to the protection of a court of equity, unless they have in some way waived their rights. There are several patents in the prior art, which, in a degree at least, might well have been claimed, though unconsciously to their inventors, to have afforded the assistance of the vibration caused by resonant contact of the signal-box with the transmitter-support. The various signaling methods referred to, wherein the sound is conveyed by deflectors or other means for impacting upon the transmitter-diaphragm through the air, would undoubtedly, if so arranged as to permit of vibration, be supplemented directly, if indeed the vibration were not the principal channel of sound conduction to the transmitter, as, for instance, Gray's several patents, Nos. 469,-649, 469,650, 462,813, and Root patent, No. 440,118, and Holbrook patent, No. 481,903. Owing to the fact that the signal-box and transmitter-support have a common backboard, even though they be not in actual close contact, there could hardly fail to be some degree of vibration through the limited resonant connection. Granting this to be

the case, yet the patentees neither made claim for such a result, nor sought to take advantage thereof, and the record fails to make it apparent that any satisfactory and practical results could have been obtained thereby.

"A patent for a mechanical combination is not anticipated by a drawing in a prior patent which incidentally shows a similar arrangement of parts, where such arrangement is not essential to the first invention, and was not designed, adapted, or used to perform the function which it performs in the second invention, and where the first patent contains no suggestion of the way in which the result sought is accomplished by the second inventor." Brill v. Third Ave. R. C. (C. C.) 103 Fed. 289.

As was said in Canda v. Michigan Iron Company, 124 Fed. 486, 61 C. C. A. 194:

"But if the patent gives no sign of such contemplated use and makes no provision adapting it to other uses, the patentee cannot be said to have invented that for which he has given no specific directions for construction. * * * It (the patent there in suit) was not constructed with a view to the special purpose of the patent in suit. It is true that it might happen that a casing would be made under the Hardy patent which would be adapted to the use contemplated by Canda; but, if so, it would be merely accidental. It would not result from any preconception nor from anything specifically directed by the patent for organizing his invention."

Defendant cites Gentry patent, No. 516,433, granted March 13, 1894, for a telephone toll station, and Alexander patent, No. 544,077, granted August 6, 1895, for improvement in coin-signal apparatus for telephone pay stations. The application for the patent in suit was filed November 17, 1893. It thus appears that at the time the application for the patent in suit was filed these two alleged anticipating patents were not in the prior art, and cannot be availed of as anticipations. Bates v. Coe, 98 U. S. 31, 25 L. Ed. 68; Anderson v. Collins, 122 Fed. 451, 58 C. C. A. 669; Eck v. Kutz, 132 Fed. 758; Walker on Patents, § 70; Robinson on Patents, § 331, and note, 332, 334; Barnes v. Sprinkler Co., 60 Fed. 605, 9 C. C. A. 154.

It is insisted by defendant that, even though the rule be as above stated, the fact that the patentee amended his application on July 1, 1896, by substituting the words "firm" or "firmly" in place of the words "close contact," and inserting, after the words "transmitter-support," the phrase, "thereby establishing a resonant connection between the signal within the box and the transmitter located outside thereof," leaves these patents in the prior art as to the matters contained in the amendment. Theretofore the patentee had always used the term "close contact" to indicate a path of practical vibratory travel for the signal. To avoid any uncertainty as to his meaning, he substituted the word "firm." There never was any doubt in the mind of any one, and certainly not in the mind of any one skilled in such matters, as to the meaning of the phrase "close contact." The context, as well as the avowed object to attain sound travel from the signal to the transmitter, made it clear that the term first used meant just what was expressed in the amendment. Therefore the substitution of the word "firm" can be viewed as nothing more than an elaboration of the idea, and in no sense a new feature. There is therefore nothing in the record to warrant the consideration of either of these two patents as an anticipation.

Gray was the first to devise and construct a toll station based upon the idea that the pay-box signal should be communicated to the trans-

mitter by means of resonant connection between the two. He took steps to secure the utmost freedom of vibration from one to the other. His means of doing so involved a firm or rigid relation of the one to the other—such as would afford the most complete vibratory medium. This would never have been achieved without the idea of vibratory conduction of the sound signal along the solid wood or metal located in the path of vibration between the signal and the transmitter. The accidental vibration growing out of the constructions of the prior art would never have developed reliable vibratory communication. Accuracy of enunciation is the end toward which telephony is striving. Every step in advance is a victory gained over the unknown. The invention must of necessity, if it be such, consist in the device of the patent, and not in the conception of the principle to be utilized. Sewall v. Jones, 91 U. S. 171, 23 L. Ed. 275. But the conception must precede the adaptation to practical use. While the properties of wood and metal as conductors of sound were matters of general knowledge, it cannot be said that the harnessing of this natural principle to the telephonic service was known to be practicable or practical—else why the long-continued employment of the clumsy and inconvenient deflectors and signal-box openings. We deem invention conclusively established.

A more serious difficulty is disclosed by the file wrapper and contents. From the statement of facts it appears that the patentee made application for a device, the main feature of which was the resonant connection between the signal-box and the transmitter-support. Claim 1 called for the signal produced by a falling coin in terms. Claim 2 called for it only by reference to the specification. Both contemplate a signaling device arranged with a view to obtaining the most effective vibratory connection between the signal and the transmitter. Through the objections of the examiner in charge, the patentee amended his claims from time to time, dwelling at each step more and more upon the details of the signal device, which was not new, but never yielding his claim for the discovery of a toll station in which the signals should be communicated to the transmitter through vibratory action upon the signal-box and transmitter-support.

In the course of his attempts to save his idea, while seeking to meet the demands of the examiner, he seems several times to have come perilously near recantation. His struggle is apparent at every step. Notwithstanding the seeming abandonment of his basic claim by counsel, he continually returns to it, and is at last defeated by the examiner. On appeal to the Examiner in Chief, the application was considered upon the question of patentable novelty involved in constructing a toll station in which the signals are conveyed to the transmitter by vibration in a path through solid materials as contrasted with the employment of air waves, as in the prior art. The details of arrangement of the signal and signal-box are not referred to, but evidently are deemed mere incidents of a plan to dispose of the signals in such a manner as to attain the best possible vibratory results. There is no intimation that the applicant was limited in any way by the concessions made to the examiner in respect to the particular signaling device. Nor in our judgment should there have been any. On hearing had, the examiner was reversed, and the patent granted with the statement:

"There is thus a new and simple construction by which better results are obtained, and which in our opinion requires invention to devise."

We are therefore of the opinion that complainant is not limited to the particular form of signal production named in the claim under consideration, and that the patentee did not part with his right to a patent based upon his invention of the new method of transmitting signals from the signal-box to the transmitter, by reason of any steps taken in the Patent Office.

If we are correct in our conclusion that Gray was the first inventor of a device designed to take advantage of the vibration path through the solid substances of the signal-box and transmitter-support, regardless of the specific form in which the signal-box is operated, then it follows that claim 1 of the second patent in suit, Gray No. 598,610, if valid at all, must be very narrow. The complainant's brief fails to point out any invention, but is confined to a description of its form. Nor does the evidence disclose anything new other than the material used and the relative location of the signal-box and the transmitter. Defendant charges complainant with having, prior to the proceedings herein, treated this patent as its basic invention. It appears to effectuate complete vibratory relations between the desired parts of the toll station, but differs only in degree from the claim of the first patent with reference to the substance thereof. It surely would be deemed to infringe the first patent in the hands of a stranger. Complainant contends there has been no attempt to anticipate this patent. The reason would seem to be that it is substantially the same as the first patent.

Defendant asserts that if the first patent in suit is to be construed broadly, then it will not be permissible to operate under the expired patents of the prior art. There is nothing in the case to justify such a statement. When construed as above indicated, the prior patents cannot be held to affect the subject-matter.

The defendant denies infringement in fact and sets up acquiescence on the part of complainant. With regard to the latter claim, complainant insists its acquiescence was with reference to the arrangement of the signal-box. Defendant claims that the alleged infringing toll station was submitted to and approved by complainant. Of course, if defendant's contention be true, and the device submitted disclosed the appropriation of the resonant contact idea, then complainant may not now retract and claim damages. It seems hardly credible that complainant could have inspected defendant's complete device B, and found no infringement.

An inspection of defendant's physical exhibit, "Baird Triplet pay station," discloses the fact that the so-called "pay station" consists of that part of the apparatus which has hereinabove been designated as the "signal-box." There is nothing in the exhibit or in the record which would justify us in holding that the sample box sent complainant for inspection contained any feature which would be calculated to advise complainant that defendant intended to appropriate the gist of the patent in suit. For all that appears, defendant might have been contemplating the use of the deflector, or some other feature of the prior art. The record is very scant upon the matter and certainly cannot be held to make a case of estoppel.

That defendant's pay station complete is an infringement of the first patent in suit we entertain no doubt. All three of the machines shown' in the record involve the principles and construction of the Gray patent. Wherein there is any difference, the rule as to equivalents obtains.

The decree of the Circuit Court is therefore reversed as to Gray patent, No. 593,720, with directions to enter a decree in favor of appellant-complainant for the relief sought in its bill, in conformity with the foregoing opinion. For the reasons above stated, the judgment of the court below dismissing the bill as to Gray patent, No. 598,610, is affirmed.

**1. PATENTS (§ 168\*)—CONSTRUCTION—LIMITATION BY PROCEEDINGS IN PATENT OFFICE.**