### J. H. SAGER CO. v. EMIL GROSSMAN CO.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

No. 140.

PATENTS (§ 328*)—INVENTION—AUTOMOBILE BUFFER.

The Sager patent, No. 885,181, for an automobile buffer, is void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

Suit in equity by the J. H. Sager Company against the Emil Grossman Company. From a decree holding valid and infringed the sixth

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and seventh claims of letters patent No. 885,181, granted April 21, 1908, to James H. Sager for improvements in automobile buffers, defendant appeals. Reversed.

Offield, Towle, Graves & Offield, of Chicago, Ill., and P. B. Adams, of New York City (James R. Offield, of Chicago, Ill., of counsel), for appellant.

C. Schuyler Davis, of Rochester, N. Y., for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The object of the patentee was to construct an automobile buffer which is simple, efficient and easily attached. The principal purpose of the buffer is to protect the lamps, radiator and forward portion of the car from being injured and broken from a comparatively light blow upon the buffer bar and also to prevent injury to cars and other vehicles when struck by the car to which the buffer is attached. In short, the object of the invention is to interpose a spring between the car and any object with which it might collide and thus neutralize the shock of the impact. Generally speaking, this idea was as old as mechanics and it was also old as applied to motor cars.

Prior to Sager's application, a patent was issued to R. W. Harroun December 10, 1907, for an "automobile bumper" designed to accomplish the identical purpose which Sager had in view, viz., "to protect the automobile or parts thereon from damage by collision." The Harroun bumper is mounted on the car "by means of spring connection so as to absorb any shocks caused by a collision" and acts "as a cushion when it is bumped against an object." The only difference between the Harroun device and that of the patent in suit is that in the former the spring is compressed by direct action and in the latter the interposition of a lever causes the bumper to rise slightly and compress the spring in a downward direction.

A patent was granted to Edgar Thomas July 31, 1894, for a car fender designed especially for electric and cable street railway cars. The specification says:

"When the object is struck by the movable member of the fender, the force of the blow is greatly diminished by the fact that the said member is movable and also by reason of the cushioning effect of the springs or like yielding medium, so that the liability of serious injury to a person by being struck by the fender is reduced to a minimum."

It cannot be denied that if the Thomas device were inverted and applied to the front of a motor car, it would produce the same result, including the rising of the buffer, as is produced by the Sager device.

The record contains other patents having the same general purpose in view, but it is unnecessary to refer to them as they add nothing of importance to the art as disclosed by the two patents above mentioned. We have, then, in the prior art a spring buffer bar designed to protect the lamps and front portion of the automobile and to accomplish precisely the same result as Sager. The only difference being that in Sager there is a lever arm which causes the bar to rise when it meets with an obstacle while in the Harroun structure there

is simply a spring which is pushed back on a horizontal plane, the buffer bar not rising. We also have in the prior art a street car fender which, if inverted and applied to an automobile, will accomplish the same result pointed out in the Sager patent. We cannot think that it involved invention, in view of the prior art as thus disclosed, to produce the buffer bar of the patent. The only change which differentiates the Sager buffer from the Harroun buffer is the introduction of the lever which causes the bar to rise slightly when it strikes an obstacle instead of being forced directly back. As this principle was well known in mechanics and is shown specifically in the Thomas patent, we think its application to an automobile, assuming it to be an improvement, was the work of a mechanic and not of an inventor.

The District Judge relied largely, in reaching his conclusion, upon the decision in the case of Turner Brass Works v. Appliance Manufacturing Co., 203 Fed. 1001, in the Northern District of Illinois, the patent in issue being the patent to Harroun above referred to. We do not know what the record disclosed in that case. The only patent mentioned in the opinion is the patent to Simmns, which was held to be unavailable. We are not at all satisfied that the decision would have been as it was if the patents before this court had been in evidence. However this may be, the question here is—Did it involve invention to make the Sager buffer, in view of the prior art in the Illinois case, plus the Thomas street car fender patent and the Harroun patent itself? For the reasons already stated we think it did not.

The decree is reversed with costs.