## DIAMOND IRON WORKS v. FILER & STOWELL CO.

(District Court, E. D. Wisconsin. April 5, 1917.)

No. 690.

PATENTS ⬯328—VALIDITY AND INFRINGEMENT—MILL REFUSE CUTTER.

The Dittbenner patent, No. 777,779, for a mill refuse cutter, or "mill-hog" for cutting up slabs, edgings, and other refuse from mills and furniture factories into fine wood for burning, covers a patentable combination and is valid; also, *held* infringed as to claims 3, 4, and 6, and not infringed as to claim 2.

In Equity. Suit by the Diamond Iron Works against the Filer & Stowell Company. On final hearing. Decree for complainant.

Frank A. Whiteley, of Minneapolis, Minn., for plaintiff.

Flanders, Bottum, Fawsett & Bottum, of Milwaukee, Wis., for defendant.

SANBORN, District Judge. Infringement suit on patent for a refuse cutter, grinder, or wood-chopping machine, known as a "mill-hog," taken out by Herman G. Dittbenner December 20, 1904, No. 777,779. The machine is used in furniture factories and mills to chop up the slabs, edgings, etc., into fine wood for the engine, as well as for sale. The product can be readily burned to make steam, no matter how green the wood may be. The machine somewhat resembles a fanning mill for grain, and consists of a large revolving power cylinder carrying knife plates which carry the wood against a cutting bed or throat plate and anvil, where it is cut into small pieces, and provided also with a large hopper into which the material is conveyed by a chute. Plaintiff's machine has two end sections (one provided with the anvil), the cylinder, and the hopper, centrally located above the cylinder.

The important points in which it is claimed there was invention are the centrally located hopper, the "anvil knives," so called, and the shearing action of the disk knives against the anvil knives. The anvil knife is a steel blade fastened to a V-shaped anvil head on one of the movable sections of the machine. This construction makes it easy to remove the anvil and knives for frequent sharpening and adjustment to take up wear. Former constructions had bed plates. The anvil plates were supported by the bed of the machine, not by the movable section. The shearing action was of itself old, but had not been used in this combination. The novelty in the Dittbenner patent was in putting the anvil and anvil knives in the movable section, and the centrally located hopper of claim 2, both in connection with the shearing action described in the specification, impliedly covered by claim 2, and expressly so by claims 3 and 4.

It is true that original claim 1 counted upon "an adjustable anvil block, anvil knives applied to said anvil block, and a cutter head carrying a plurality of knives, co-operating with the said anvil knives substantially as shown"; and claim 2 counted on anvil knifes movable with the case section. So it is insisted that by canceling these

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

two claims Dittbenner gave up his whole invention, which is substantially described, by reference to the description, in canceled claim 1. Plaintiff replies that the cancellation was made only to meet a reference, being the Brown patent, No. 542,075, and that the patentee is only estopped by his surrender from maintaining that his substituted claim covers the device of the reference. Drum v. Turner, 219 Fed. 191, 135 C. C. A. 74. It is also plain that Dittbenner did not intend to give up his right to the elements covered by original claim 1, because he claimed them all in the new claims 2, 3, and 4. Gray Telephone Pay Station v. Baird Mfg. Co., 174 Fed. 417, 98 C. C. A. 353, in this circuit. There the inventor seemingly abandoned his basic claim, but continually returned to it, was defeated, and had to appeal. It was held that his cancellation of claims did not surrender the invention.

The patentee improved on the prior art by a central hopper instead of a side-feed, and adjustable anvil knives instead of the old throat plate or the old bed plate. The shearing action, by itself, had been used before; but he brought these elements together and claimed then all in claims 2 and 6 and all but the central feed in claims 3 and 4. Claims 2 and 6 do not expressly mention the shearing function, but substantially do so by claiming the cylinder knives co-operating with the anvil knives.

Defendant's machine is the same as plaintiff's, except that the hopper is made in the case section opposite the anvil section, instead of being literally between them. The difference is one of form merely, as respects claims 3, 4, and 6. As to claim 2 defendant does not use that element of this claim which counts on a movable case section, to afford a line of vision to the anvil knives.

Decree for infringement of claims 3, 4, and 6, with injunction and accounting.